\*CITY OF COLUMBUS V. JOHN G. REINHARD.

RECOVERY OF MONEY DEPOSITED IN LIEU OF BAIL.

Where a person arrested upon a warrant for violating a penal statute of the state, agrees with the examing magistrate to deposit a sum of money, in lieu of bail, and such deposit is accepted, and the prisoner released pending his examination, the money so deposited, having, upon failure of the prisoner to further appear, been declared forfeited and paid into the treasury of the proper county, cannot be recovered back by the depositor.

The defendant in error filed a petition in the court of common pleas, alleging that on or about the 31st day of December, 1879, the city of Columbus unlawfully and wrongfully received into its possession $200, the money of the defendant; that on or about the same date, without his consent, it converted the same to its own use; that on or about the 2d day of January, 1880, he made demand therefor, and that the city then refused, and has ever since failed, to deliver the same to him, and praying judgment for that amount.

As a first defense the city denied receiving the money unlawfully, and alleged that on or about the day named in the petition, Reinhard and another person were arrested by the public authorities charged with an offense against the laws of the state of Ohio; that thereupon Reinhard deposited one hundred dollars with the mayor of the city as bail for his appearance to answer said charge, and a like sum as bail for the appearance of the other person; that the persons so accused failed to appear, and that the mayor declared the deposit forfeited, and the amount less costs was deposited in the city treasury. For a second defense it adopted the averments of the first, and further alleged that on or about the 6th day of December, 1881, before the commencement of this action, it was compelled to pay, and did pay, the portion of said moneys which it had received, $194.80, to Franklin county, the money having been received as bail in a prosecution under the laws of the state, and not under an ordinance of the city.

Reinhard then filed a motion for a judgment for $194.80, for the alleged reason that from the averments of the answer it appeared that sum was due to him from the city.

The court granted said motion and rendered a judgment accordingly, and this is assigned as error.

SHAUCK, J.

The practice here brought in review cannot be approved. The motion for a judgment notwithstanding the answer, is said to be authorized by section five thousand, three hundred and twenty (5320) of the Revised Statutes. But by its terms, that section applies only to

---

\*Judgment in this case was reversed by the Supreme Court. See opinion 49 O. S., 257.

cases where " all or a part of one or more of the causes of action are not put in issue by the answer." It has no proper application to a case of this character, where the defense goes to the entire demand. And this is true even though the defense be imperfectly stated, or be insufficient in substance. The proper practice in such case is to test the sufficiency of the defense by demurrer, and if the defense be held insufficient, to allow the defendant to make such amendment as may appear to be in furtherance of justice.

But, assuming that this motion might have been regarded as a demurrer to the answer, are the facts there stated a defense to the action?

It appears from the answer and the averments of the petition, which are not denied, that the city paid this money to Franklin county, after its return had been demanded by Reinhard. It thus not only admitted that it was not entitled to the money, but it undertook at its peril to decide that it belonged to Franklin county, and not to Reinhard. Whether it decided that question correctly, is the precise question presented.

In support of the claim of Reinhard, it is said that the mayor was not authorized to accept a deposit of money, in *lieu* of bail. As to the arrest of a person for a violation of a city ordinance, that proposition is distinctly held in The City of Columbus v. Dunnick, 41 O. S., 602. The reasons for this conclusion, as well as its application to cases of arrests for violations of the laws of the state, appear from the provisions of the Code of Criminal Procedure relating to arrest, examination and bail, and from considerations of public policy. Upon the arrest of Reinhard and his companion, the law required that their examination should be had forthwith; or, if an adjournment becomes necessary, either that they be committed or detained in custody, or permitted to enter into a recognizance with sufficient surety, conditioned for their further appearance. The decision and the statutory provision referred to, clearly support the proposition made by counsel for the defendant in error, that the contract entered into by Reinhard and the mayor was illegal.

But how can this conclusion avail to support the judgment of the court below? With this conclusion settled, the answer presents a case, in which Reinhard and the mayor entered into a contract, which was not only in excess of the provisions of the statute defining the duties of a public officer, but void as against public policy. They not only entered into such a contract, but they executed it by the actual deposit of the money and the release of Reinhard and his companion. The legal status of parties with respect to a contract of this character is not doubtful. In the language of the Supreme Court in Roll v. Raguet, 4 O. 400: "Whenever a contract appears to be illegal, immoral, against public policy, or opposed to the criminal prohibitions of the state, a court of justice leaves the parties as it finds them. If the agreement be executed, the court will not rescind it; if executory, the court will not aid in its execution."

In the absence of averment to the contrary, we must presume that the arrest of Reinhard and his companion was lawful, and the contact which he entered into and executed was with an officer charged with a public duty with respect to his examination. This case is therefore not embarrassed by any consideration of the doctrine of duress.

In either view that may be taken of this contract, the judgment below was wrong. If the contract was legal, it was in accordance with its terms that, upon failure of Reinhard and his companion to appear, the deposit was forfeited to the county; if illegal, the parties must be left to occupy the position with respect to it which they have voluntarily assumed.

For error in granting the motion, the judgment of the court of common pleas will be reversed with costs, and the cause will be remanded to that court for further proceedings.

Caren, for plaintiff in error.

Mariott & Hughes, contra.